**Vu A. PHAM, Petitioner,**

v.

**R.J. HERNANDEZ, Warden,**
**Respondent.**

No. 04–56755.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed June 1, 2007.

Sylvia Baiz, Esq., San Diego, CA, for Petitioner.

Xiomara Costello, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent.

Before: McKAY,** KOZINSKI and TROTT, Circuit Judges.

## MEMORANDUM***

Petitioner Vu A. Pham appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his California state conviction, all for first-degree murder. We granted a certificate of appealability on February 22, 2005 owing Petitioner to appeal the district court's denial of his claim of ineffective assistance of counsel based on his trial counsel's alleged failure to investigate and present evidence that Petitioner suffered from post-traumatic stress disorder ("PTSD").

As an initial matter, we consider the issue of our jurisdiction over this appeal. Respondent argues that we lack jurisdiction because Petitioner's notice of appeal was not filed within thirty days after judgment was entered. *See* Fed. R.App. P. 4(a)(1)(A). Petitioner filed a lodgment of notice of appeal in August 2003, requesting that the notice of appeal "be filed upon the Court entering its Judgment." The district court entered judgment denying the habeas petition on September 24, 2004, and ten days later it filed an order interpreting Petitioner's earlier notice of appeal as being effective as of the date of judgment. Under these circumstances, we hold that Petitioner's premature notice of appeal was resuscitated and made timely by the district court's order, giving us jurisdiction over the appeal.

Turning to the merits of the appeal, we review the district court's denial of the habeas petition de novo. *See Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 2295, 164 L.Ed.2d 834 (2006). To establish a claim of ineffective assistance of counsel, a petitioner must show both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Scrutiny of counsel's performance is "highly deferential," and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

After reviewing the record, we do not believe that counsel's performance fell below the standard required by the Constitution. Counsel did in fact investigate the possibility that Petitioner's childhood experiences might have caused PTSD, thereby potentially influencing his actions on the night of the incident. The advice received from Petitioner's psychiatrist was ambiguous at best. While it may well be true that evidence of PTSD would not have

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

been inconsistent with the defense of self-defense presented at trial, we will not say that counsel's decision not to present this questionable evidence at trial was outside of "the wide range of reasonable professional assistance" allowed under *Strickland.*

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.